UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIN SHARAY,

    Plaintiff,

vs.                                                                                                          Case No. 15-12531

CAROLYN COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,                      HON. AVERN COHN

    Defendant.

_____/

## **DECISION**

### I. INTRODUCTION

This is a Social Security case. Plaintiff Amin Sharay (Sharay) appeals the decision of the Commissioner of Social Security (Commissioner) denying his application for Disability Insurance Benefits. Sharay sought benefits due to lumbar disc disease and other physical impairments. An administrative law judge (ALJ) held a hearing, found Sharay not disabled, and denied his claim. The Appeals Council (AC) vacated and remanded, after which the ALJ again denied the claim. The AC denied review.

Sharay brings this case under 42 U.S.C. § 405(g) seeking reversal of the ALJ's decision. Sharay filed a motion for summary judgment, (Doc. 20). The Commissioner filed a cross motion for summary judgment, (Doc. 21). The motions were referred to a magistrate judge (MJ) who made a report and recommendation (R&R), (Doc. 24). The R&R recommends the Court deny Sharay's motion for summary judgment, grant the Commissioner's cross motion for summary judgment, and affirm the Commissioner's

decision to deny benefits. Sharay filed objections to the R&R, (Doc. 25), to which the Commissioner responded, (Doc. 28).

For the reasons that follow, Sharay's objections to the R&R are OVERRULED, the R&R is ADOPTED, Sharay's motion for summary judgment is DENIED, the Commissioner's cross motion for summary judgment is GRANTED, and the Commissioner's decision to deny benefits is AFFIRMED.

## II.  BACKGROUND

### A.  Social Security Proceedings

The parties do not object to the R&R's recitation of the facts. (*See* Docs. 25, 28). The Court adopts it. (*See* Doc. 24).

Sharay claims a disability starting July 1, 1986. He traces it to injuries in a work-related accident while a crewman in a ship's engine room. Sharay's date last insured was December 31, 1987.

The ALJ found Sharay had severe impairments—traumatic brain injury and spinal disorder. Nonetheless, the ALJ found he could perform unskilled sedentary work, with restrictions including an "occasional overhead reaching and handling" limitation.

At the hearing, the ALJ heard testimony from a vocational expert (VE). The ALJ asked the VE if his opinion would be consistent with the Dictionary of Occupational Titles (DOT). The VE said it would. The ALJ later concluded the same.

The VE testified on the jobs available to a hypothetical person in Sharay's position with the overhead restriction. The VE testified such a person could perform jobs in assembly, inspecting and packing fields. Citing to the DOT, the VE cited the jobs of fishing-reel assembler (732.684-062), lens-block gauger (716.687-030), and

ampoule sealer (559.687-014). The DOT says all these jobs require frequent reaching and handling. Reaching is defined as extending hands and arms "in any direction," and frequent means between 1/3 and 2/3 of the time.

On review, the AC vacated and remanded based in part on "possible discrepancies" between the VE's testimony and DOT as to overhead reaching and handling. On remand, the AC directed the ALJ to (1) obtain evidence from the VE to "clarify the effect of the assessed limitations on the claimant's occupational base," and (2) identify and resolve any conflicts between the VE's opinion and DOT.

On remand, the ALJ did not conduct a hearing or elicit further testimony from the VE, deeming it unnecessary. Instead, the ALJ found no conflict to exist between the VE's opinion and DOT. The ALJ reasoned Sharay was not restricted in any direction other than overhead and there was no indication the cited DOT jobs with frequent reaching meant frequent *overhead* reaching. The VE had testified his opinion was consistent with the DOT and Sharay did not raise any inconsistencies at the hearing.

Sharay sought AC review, arguing the ALJ failed to comply with the AC's earlier remand instruction by not obtaining additional VE evidence. The AC denied review.

### B. Summary Judgment

Sharay seeks a remand on the ground the ALJ failed to comply with the AC's remand instruction to elicit additional VE testimony. Moreover, Sharay says the ALJ's reliance on the VE's prior testimony on remand was not supported by substantial evidence because it is the role of the VE, not the ALJ, to clarify any apparent inconsistencies between the VE testimony and DOT.

### C. R&R

In the R&R, the MJ determined that whether the ALJ violated the AC's remand instruction is not reviewable, as it relates to an internal agency process over which the Court lacks authority. Further, the MJ concluded the ALJ properly relied on the VE's prior testimony because (1) the cited DOT positions did not specify frequent *overhead* reaching, (2) the VE was asked and testified his opinion was consistent with the DOT, (3) the ALJ agreed, and (4) Sharay did not raise any inconsistencies at the hearing.

### III. STANDARD OF REVIEW

#### A. R&R Objections

The Court must conduct a *de novo* review of the parts of a R&R to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

#### B. Commissioner's Disability Determination

The Court's review is limited to determining if "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In doing so, the Court does not resolve conflicts in the evidence or questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

In evaluating if the Commissioner's decision is supported by substantial evidence, the Court must consider the entire record. *See Futernick v. Richardson*, 484

F.2d 647, 649 (6th Cir. 1973). Nonetheless, the Court need not discuss every piece of evidence. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006).

## IV. ANALYSIS

Sharay raises 2 objections to the R&R. They lack merit.

### A. AC's Remand Instruction

First, Sharay objects to the R&R's conclusion that the issue of whether the ALJ failed to comply with the AC's remand instruction is not judicially reviewable. Sharay says the Court has the authority to consider the issue based on persuasive authority. The Commissioner responds there is no basis for such authority, citing decisions from the Eastern District of Michigan.

The Court finds persuasive the reasoning of the decisions cited by the MJ and Commissioner and concludes it lacks the authority to decide if the ALJ failed to comply with the AC's remand instruction. Sharay already raised this issue before the AC, which was best suited to determine if the ALJ met the requirements of its own instruction. The AC, however, denied review. This suggests it saw no legal basis that demanded further scrutiny. *See* 20 C.F.R. § 404.970(a)(1)-(3) (providing the AC "will review" cases where there is abuse of discretion, legal error, or factual findings unsupported by substantial evidence). The Court will not revisit the issue now by way of its limited jurisdiction.

Sharay cites to the Court's decision in *Gholston v. Comm'r of Soc. Sec.*, 2009 WL 440956 (E.D. Mich. Feb. 23, 2009), for the proposition that the Court will review questions of an ALJ's compliance with a remand instruction of the AC. *Gholston* did not address this issue. In *Gholston*, the Court adopted a MJ's R&R concluding that an ALJ's findings as to residual functional capacity were not supported by substantial

5

evidence. *Gholston*, 2009 WL 440956, at *8-13. In doing so, the Court noted the ALJ (1) discounted the treating physician's opinion without proper justification; (2) failed to consider side effects of a prescribed medication, contrary to a prior AC remand instruction; and (3) rendered credibility findings that were undercut by the record evidence. *Id.* Thus, the Court remanded for further proceedings so the ALJ could complete his investigation. *Id.* at *1, 13. The Court was not faced with a claim based solely on non-compliance with an AC remand instruction and instead assessed if substantial evidence supported an ALJ's findings—a task well within its purview.

### B. VE's Testimony

Second, Sharay objects to the R&R's determination that the ALJ properly relied on the VE's prior testimony, without eliciting clarification from the VE on potential inconsistencies between the VE's opinion and DOT as to overhead reaching. Sharay says this violated Social Security Ruling (SSR) 00-4p, which requires the VE, not the ALJ, to explain apparent inconsistencies in vocational evidence. The Commissioner responds the ALJ properly deferred to the VE's opinion from the hearing as the VE had testified it was consistent with the DOT and the ALJ found no conflict to exist.

The ALJ acted within the scope of SSR 00-4p. In hearing the VE's testimony as to available jobs for someone in Sharay's shoes, the ALJ asked the VE if his opinion was consistent with the DOT. The VE said it was. The ALJ concluded the same.

Even though the jobs identified by the VE require frequent reaching and handling, there is no indication they require frequent *overhead* reaching and handling. Sharay was not restricted in non-overhead reaching and handling. Moreover, the VE is supposed, under SSR 00-4p, to know more about a particular job *as it is performed* in

given settings than what is reflected in the DOT description. Thus, substantial evidence supports the ALJ's reliance on the VE's testimony.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2016
Detroit, Michigan